# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

| | |
|---|---|
| Defense Distributed; Second Amendment Foundation, Incorporated,<br>    Intervenor Plaintiffs-Appellees,<br><br>v.<br><br>Merrick Garland, U.S. Attorney General, in his Official capacity as Attorney General of the United States; United States Department of Justice; Steven Dettelbach, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives; Bureau of Alcohol, Tobacco, Firearms, and Explosives,<br>    Defendants-Appellants. | No. 23-10463 |

## UNOPPOSED MOTION TO PLACE APPEAL IN ABEYANCE

Pursuant to Federal Rule of Appellate Procedure 27, the government respectfully moves to have this appeal held in abeyance pending *VanDerStok v. Garland*, No. 22-11071. Counsel for intervenor plaintiffs-appellees have informed us that they do not oppose this motion.

1. Through the Gun Control Act of 1968, *codified as amended*, 18 U.S.C. § 921 *et seq.*, Congress has enacted requirements for persons who import, manufacture, or deal in "firearms," *id.* §§ 922-923. The statutory scheme hinges on the definition of "firearm." Congress defined that term to include "any weapon" that "will or is designed to or may readily be converted to expel a projectile by the action of an

explosive" as well as "the frame or receiver of any such weapon." 18 U.S.C. § 921(a)(3).

In April 2022, the Bureau of Alcohol, Tobacco, Firearms and Explosives promulgated the rule at issue in this appeal. As relevant here, the Rule clarifies that the term "firearm" in the Gun Control Act includes (1) a weapon parts kit or aggregation of parts that enables a purchaser to readily assemble an operational firearm and (2) a partially complete frame or receiver, including a parts kit, that enables a purchaser to readily assemble a functional frame or receiver. *See* Definition of "Frame or Receiver" and Identification of Firearms, 87 Fed. Reg. 24,652, 24,652 (Apr. 26, 2022).

Following the Rule's promulgation, four original plaintiffs, followed by one intervenor-plaintiff, brought suit in district court. They claimed that certain provisions of the Rule are invalid, and they sought a preliminary injunction on that basis. Across three orders, the district court concluded that some of those plaintiffs were entitled to a preliminary injunction prohibiting the implementation of two challenged provisions of the Rule. The government has appealed those three orders. The government's appeals, which were docketed as Nos. 22-11071 and 22-11086, were consolidated by this Court, and that consolidated appeal has been fully briefed.

2. After the district court entered the injunctions on appeal in Nos. 22-11071 and 22-11086, the district court permitted the two intervenor plaintiffs-appellees in this appeal to intervene in the district court action for purposes of seeking a similar

preliminary injunction. *See* Dkt. No. 137. The district court subsequently granted intervenors' motion for a preliminary injunction in part. *See* Dkt. No. 188. In granting that relief, the court generally incorporated the reasoning it had already articulated in its original preliminary injunction opinion. *See id.* at 4-7. The government has now appealed that new preliminary injunction.

Briefing of this appeal should be held in abeyance pending the Court's resolution of the consolidated earlier appeals, Nos. 22-11071 and 22-11086, which have now been fully briefed. This appeal involves similar plaintiffs—a manufacturer of certain frames and receivers and an advocacy organization—and the same defendants as those appeals; it arises out of the same district court action; and the district court employed materially identical reasoning in granting the preliminary injunction underlying each appeal. The Court's decision in the earlier appeals, therefore, has the potential to fully resolve the claims at issue in this appeal or, at a minimum, to substantially affect the adjudication of the appeal. Thus, placing this appeal in abeyance pending that decision will best preserve the resources of the parties and the Court.

3. Intervenor plaintiffs-appellees do not oppose this motion.

Respectfully submitted,

ABBY C. WRIGHT

 /s/ *Sean R. Janda*
SEAN R. JANDA
*Attorneys, Appellate Staff*
*Civil Division, Room 7260*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 514-3388*
*sean.r.janda@usdoj.gov*

May 2023

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains 547 words, according to the count of Microsoft Word.

/s/ Sean R. Janda
Sean R. Janda
